UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SIRJESSE HUNTER, | ) |
| Plaintiff, | ) CASE NO.   C05-956-TSZ-JPD |
| v. | ) |
| J. HAZELWOOD, *et al.*, | ) ORDER RE: PLAINTIFF'S MOTIONS |
| Defendants. | ) |

Plaintiff is incarcerated in the King County Jail in Seattle, Washington.  He has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 and this case is currently in the discovery stage. Plaintiff has recently filed a motion to restrain a corrections officer – a defendant in this lawsuit named "Carman" – and a motion to secure evidence.  (Doc. #31, #33).  In addition, plaintiff sent the court copies of the answers he generated in response to defendants' interrogatories.  (Doc. #35). Having reviewed the motions and the balance of the record, the court hereby finds and ORDERS as follows:

(1)    Plaintiff's underlying § 1983 action alleges that Officer Carman has a personal vendetta against plaintiff dating back to 1994.  (Doc. #6 at 4).  Plaintiff's motion to restrain Officer Carman describes two incidents in which the officer recently appeared near plaintiff's cell.  (Doc. #31 at 1-2).  Plaintiff does not allege that during either incident Officer Carman either physically touched or verbally addressed him.  (*Id.*)  All plaintiff alleges is that the officer "made it a point to

ORDER RE: PLAINTIFF'S MOTIONS
PAGE - 1

1  be seen," which plaintiff interprets as "a blatant and deliberate attack on my mental state of well

2  being." (*Id*. at 2). Plaintiff concludes by asking the court to "place a restraining order on

3  [Carman]." (*Id*.)

4        In order to obtain injunctive relief, the moving party must demonstrate exposure to

5  irreparable harm absent the requested judicial intervention. *See Caribbean Marine Services Co. v.*

6  *Baldridge*, 844 F.2d 668, 674 (9th Cir. 1988). Plaintiff has failed to allege exposure to irreparable

7  harm. He alleges that the appearance of Officer Carman was not mere happenstance but rather was

8  a carefully orchestrated event intended to signal to plaintiff that his concerns about the officer were

9  unheeded by officials at the King County Jail. However, even if plaintiff's interpretation of these

10 events were accurate, such a vague form of harassment or threat would not rise to the level of

11 irreparable harm under § 1983. *See Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987)

12 (holding that verbal harassment alone is not sufficient to state a constitutional deprivation under §

13 1983); *Gaut v. Sunn*, 810 F.2d 923, 925 (9th Cir. 1987) (holding that "it trivializes the eighth

14 amendment to believe a threat constitutes a constitutional wrong.")

15       Accordingly, because plaintiff's motion for an order restraining Officer Carman fails to allege

16 "irreparable harm," the Clerk shall STRIKE the motion (Doc. #31) without prejudice to its refiling

17 should plaintiff believe that he is being subjected to a more concrete harm.

18       (2)   Plaintiff's second pending motion asks the court to "secure evidence/exhibits"

19 belonging to plaintiff because he fears that defendants will confiscate the evidence to thwart his ability

20 to present his case. (Doc. #33 at 1-2). However, plaintiff does not allege that defendants have ever

21 confiscated or destroyed evidence, or even threatened to do so. Plaintiff has expressed this fear of

22 losing evidence before to the court. (Doc. #21). Previously, the court responded by directing the

23 Clerk to file a copy of exhibits that plaintiff feared would be destroyed by defendants. (Doc. #23).

24 Plaintiff is advised that should he wish to safeguard evidence, he may do so by filing the evidence,

25 along with a motion for summary judgment, once the deadline for discovery (October 24, 2005) has

26

ORDER RE: PLAINTIFF'S MOTIONS
PAGE - 2

1 passed. In light of this option available to plaintiff, and the lack to support for his claim that
2 defendants might confiscate his evidence, plaintiff's motion to secure evidence (Doc. #33) is
3 DENIED.
4   (3) Plaintiff has sent the court copies of the answers he gave in response to defendants'
5 interrogatories. (Doc. #35). Plaintiff is advised that it is unnecessary for him to send the court
6 copies of his responses to defendants' discovery requests and that he must serve defendants with a
7 copy. Because it is unclear whether plaintiff served defendants with a copy of his answers to their
8 interrogatories, the Clerk shall forward a copy to defendants.
9   (4) The Clerk is directed to send a copy of this Order to plaintiff, to counsel for
10 defendants, and to the Honorable Thomas S. Zilly.
11   DATED this 6th day of October, 2005.

*/s/ James P. Donohue*
JAMES P. DONOHUE
United States Magistrate Judge

ORDER RE: PLAINTIFF'S MOTIONS
PAGE - 3