UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SIRJESSE HUNTER, | ) |
| Plaintiff, | ) CASE NO.   C05-956-TSZ-JPD |
| v. | ) |
| J. HAZELWOOD, *et al.*, | ) REPORT & RECOMMENDATION |
| Defendants. | ) |

## INTRODUCTION & SUMMARY CONCLUSION

Plaintiff, currently in custody in the King County Jail ("Jail") in Seattle, Washington, has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff alleges, in essence, that he feels threatened by a corrections officer at the Jail and that another officer failed to protect him from an attack by an inmate. Defendants have filed a motion to dismiss one of the two defendants (Doc. #46) and have also filed a motion for summary judgment in favor of both defendants. (Doc. #61). Plaintiff has filed responses to both motions, as well as a motion for preliminary injunction. (Doc. #77). Having reviewed the motions and the balance of the record, the court recommends that defendants' motion for summary judgment be granted and that this matter be dismissed with prejudice.

## FACTUAL HISTORY

Plaintiff's complaint alleges two separate constitutional violations and the facts surrounding both are largely undisputed. First, plaintiff alleges that he feels unsafe around Corrections Officer Mark Carman because in 1994, during a previous stint in the Jail, plaintiff was convicted of assaulting Carman by throwing urine in his face. (Doc. #64). When plaintiff was booked into the Jail in December 2004, he told a staff member that, as a result of the incident in 1994, he did not

REPORT & RECOMMENDATION
PAGE - 1

want to be escorted by Carman into or out of the Jail, for fear that Carman would seek retribution. (Doc. #6 at 4-7). Notwithstanding plaintiff's request, on two occasions – March 14, 2005 and May 16, 2005 – Carman was assigned to transport plaintiff to Harborview Medical Center and plaintiff refused to go. (Doc. #64 at 2). Plaintiff alleges that these actions by Carman constitute deliberate indifference to his medical needs in violation of the United States Constitution.[1] (Doc. #60 at 14-15).

Plaintiff's second claim involves a different Corrections Officer, John Hazelwood. Plaintiff alleges that on January 22, 2005, Hazelwood improperly let an inmate named David Cantrell out of his cell while plaintiff was in the vicinity getting a haircut. (Doc. #6 at 4). Plaintiff alleges that Cantrell then attacked him and plaintiff defended himself, injuring his hand. (*Id.*; Doc. #63, Ex. 1). The fight was broken up by another corrections officer who used pepper spray to subdue Cantrell. (Doc. #62 at 2). Plaintiff does not allege nor show that Hazelwood knew either Cantrell or himself prior to the incident described above.

## PROCEDURAL HISTORY

On June 14, 2005, plaintiff's complaint was ordered filed and served on defendants. (Doc. #7). Between that date and the present, plaintiff has filed numerous motions and requests that do not bear on the outcome here and are therefore unnecessary to mention.

On November 3, 2005, defendants filed a motion to dismiss Officer Carman as a defendant. (Doc. #46). On December 19, 2005, plaintiff filed a response to defendants' motion to dismiss. (Doc. #60). On December 20, 2005, defendants filed a motion for summary judgment. (Doc. #61). On January 17, 2006, plaintiff his first response to the motion for summary judgment (Doc. #75); on February 2, 2006, plaintiff filed a supplemental response.[2] (Doc. #82). On January 23, 2006,

---

[1] Because plaintiff was a pretrial detainee when these incidents occurred, his legal claim falls under the 14th Amendment instead of the 8th Amendment. *See Bell v. Wolfish*, 441 US 520, 535 n.16 (1979).

[2] Defendants originally thought these responses were untimely; however, their misapprehension was due to the fact that they had not received a copy of the court's Order of January 13, 2006, granting plaintiff additional time to respond. (Doc. #85). Defendants acknowledge this error and voluntarily withdraw their motions to strike plaintiff's responses as untimely. (*Id.*)

REPORT & RECOMMENDATION
PAGE - 2

plaintiff filed a motion for preliminary injunction. (Doc. #77). On January 30, 2006, defendants filed a response to the motion for preliminary injunction. (Doc. #80). All pending motions are now ready for review.

## DISCUSSION

### 1. Defendants' Motion for Summary Judgment

Summary judgment is proper only where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). The court must draw all reasonable inferences in favor of the non-moving party. *See F.D.I.C. v. O'Melveny & Meyers*, 969 F.2d 744, 747 (9th Cir. 1992), *rev'd on other grounds,* 512 U.S. 79 (1994). The moving party has the burden of demonstrating the absence of a genuine issue of material fact for trial. *See Anderson*, 477 U.S. at 257. Mere disagreement, or the bald assertion that a genuine issue of material fact exists, no longer precludes the use of summary judgment. *See California Architectural Bldg. Prods., Inc., v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1468 (9th Cir. 1987).

After examining the record, the court concludes that, while plaintiff contends that the actions of Officers Carman and Hazelwood violated his constitutional rights, he has not provided any evidence that this is the case. Indeed, his allegations do not appear even to state a claim for which relief could be granted.

Plaintiff claims that Officer Carman's actions constituted deliberate indifference to plaintiff's medical needs and that Officer Hazelwood's actions constituted deliberate indifference to his safety. To show deliberate indifference to medical needs, a prisoner must show more than mere negligence, or even gross negligence, on the part of the defendant. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990). Rather, prison officials are deliberately indifferent to a prisoner's serious medical needs only when they "deny, delay or *intentionally interfere* with medical treatment." *Id.* (emphasis added). In the context of providing safety for an inmate and protecting him against attacks, the standard of "deliberate indifference"

requires a plaintiff to show that the prison official knew of and disregarded an excessive risk to the inmate's safety. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Measured against the above standards, plaintiff's complaint and his submissions in response to defendants' motion for summary judgment fall short. Although he alleges that Officer Carman was deliberately indifferent to his medical needs, plaintiff does *not* allege that Carman knew anything about his medical needs. Further, plaintiff admits that Carman did not touch, threaten, or otherwise intimidate him when the officer showed up to transport plaintiff to Harborview Medical Center. (Doc. #63, Ex. 1 at 14-15). Plaintiff candidly concedes that he only "felt" threatened by Carman. (*Id.*) Thus, plaintiff does not allege, much less show, that Carman denied, delayed or intentionally interfered with his medical treatment. Plaintiff's allegations therefore do not rise to the level required to show "deliberate indifference."

Similarly, plaintiff's allegations against Officer Hazelwood do not rise to the level of "deliberate indifference" to his safety. Plaintiff alleges that Hazelwood allowed another inmate into the same space as plaintiff, in violation of a prison policy prohibiting, under certain circumstances, two inmates being released at the same time, and that a fight ensued as a result. Plaintiff supports this claim with a letter from the Jail to Hazelwood showing that, after investigation of the incident, Hazelwood was found to have violated a prison policy and was counseled against repeating the error. (Doc. #82, Ex. 3 at 21). However, plaintiff does not allege nor show that Hazelwood knew or should have known of any reason that releasing the other inmate would endanger plaintiff. Hazelwood himself denies that he knew anything about either inmate before the fight. (Doc. #62 at 2-5). Thus, plaintiff does not allege or show that Hazelwood knew of and disregarded an excessive risk to the plaintiff's safety. Plaintiff therefore does not meet the constitutional standard of showing that Hazelwood acted with "deliberate indifference." [3]

---

[3] In his supplemental response, plaintiff raises new allegations that other officers have also failed to protect him. (Doc. #82). However, the court will not consider these new allegations since they were not included in the original complaint and they do not involve the current defendants. In addition, it appears unlikely that plaintiff has exhausted his administrative remedies regarding these new charges as they occurred little over one month ago. Under the Prison Litigation Reform Act, a prisoner must exhaust all remedies available through the prison grievance system before turning to federal court. *See* 42 U.S.C. § 1997e; *Porter v. Nussle*, 122 S. Ct. 983, 988 (2002).

REPORT & RECOMMENDATION
PAGE - 4

In sum, plaintiff does not allege or provide evidence showing that defendants acted in a way that could be construed as deliberate indifference.  Accordingly, plaintiff has not satisfied his burden of showing that a genuine issue of material fact exists regarding his claims.  The court therefore recommends that defendants's motion for summary judgment be granted.

2.  <u>Defendants' Motion to Dismiss Officer Carman and Plaintiff's Motion for Preliminary Injunction</u>

Because the court recommends granting defendants' motion for summary judgment, the court need not address defendants' motion to dismiss Officer Carman.  Plaintiff's motion for preliminary injunction raises new allegations, similar to those raised in his supplemental response, that other staff members of the Jail have failed to protect him. (Doc. #77).  However, for the same reasons cited earlier, the court will not consider these new allegations – they were not included in the original complaint, do not involve the current defendants, and appear not to have been exhausted administratively.  Accordingly, the motion for a preliminary injunction should be denied.

<u>CONCLUSION</u>

For the foregoing reasons, the court recommends that defendants' motion for summary judgment be granted and this action dismissed with prejudice.  In addition, defendants' motion to dismiss Officer Carman as a defendant may be denied as moot and plaintiff's motion for preliminary injunction should be denied.  The court further recommends that the dismissal of this action count as a "strike" under 28 U.S.C. § 1915(g), because plaintiff's claims are frivolous.  A proposed Order accompanies this Report and Recommendation.

DATED this 24th day of February, 2006.

*James P. Donohue*
JAMES P. DONOHUE
United States Magistrate Judge